IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

   v.

                                                  17-cr-60-wmc

JUSTIN KOHL,

                Defendant.
_____

Presented for the parties' consideration is a redraft of the jury instruction on a buyer-seller relationship. It starts with Pattern 5.10(A), then adds, almost verbatim the "per se rules" cited in *United States v. Cruse*, 805 F.3d 795, 811-12, quoting *United States v. Jones*, 763 F.3d 777, 807 (7th Cir. 2014), in turn quoting *United States v. Brown*, 726 F.3d 993, 1002, 999 (7th Cir. 2013):

BUYER-SELLER RELATIONSHIP

A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of methamphetamine do not enter into a conspiracy to distribute methamphetamine or to possess methamphetamine with intent to distribute it simply because the buyer resells the methamphetamine, even if the seller know that the buyer intends to resell the methamphetamine. The government must prove that the buyer and the seller had the joint criminal objective of distributing methamphetamine to others.

In considering whether the government has proved the existence of a conspiracy you should consider all of the evidence. You may infer a conspiracy from evidence that shows a consignment relationship or from evidence that shows a relationship involving multiple large-quantity purchases of methamphetamine on credit. Other characteristics that distinguish a conspiracy from a buyer-seller relationship include: an agreement to look for other customers; a payment of commission on sales; an indication that one party advised the other on the conduct of his business; or an agreement to warn of future threats to each other's business stemming from competitors or from law enforcement.

Entered this 2nd day of January, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge