IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,                    ORDER

v.

                                          17-cr-60-wmc

JUSTIN KOHL,

          Defendant.

---

In light of questions that were raised on the legal standard the court will apply, the following is the final instruction as to Count 1 of the indictment:

### ELEMENTS OF THE CHARGE: COUNT 1

Count 1 charges the defendant with conspiracy. A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose. To sustain this charge against either defendant, the government must prove these elements:

1) That the conspiracy charged in Count 1 existed, and
2) That the defendant knowingly became a member of this conspiracy with an intention to further the conspiracy.

If you find from your consideration of all the evidence that the government has proved both of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count 1.

If, on the other hand, you find from your consideration of all of the evidence that the government has not proved each of these elements beyond a reasonable doubt, then you must find the defendant not guilty of Count 1.

### CONSPIRACY INSTRUCTIONS

A conspiracy may be established even if its purpose was not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose of the charged conspiracy and was a willing participant in it.

As to the first element of Count 1, in deciding whether the charged conspiracy existed, you may consider the actions and statements of every one of the alleged participants. An agreement may be proved from all the circumstances and the words and conduct of all of the alleged participants which are shown by the evidence.

1

As to the second element of Count 1, in deciding whether the defendant joined the charged conspiracy, you must base your decision solely on what the defendant personally did or said. In determining what the defendant personally did or said, you may consider the defendant's own words and acts. You also may consider the words and acts of other people to help you determine what the defendant personally did or said, and you may use the words and acts of other people to help you understand and interpret that defendant's own words and acts. Keep in mind, however, that the defendant's membership in the charged conspiracy can only be proved by the defendant's own words or acts.

The defendant's association with conspirators is not by itself sufficient to prove the defendant's participation or membership in a conspiracy. The government must prove that a defendant knowingly and intentionally joined the charged conspiracy, knowing the conspiracy's aim and intending to achieve it.

## BUYER-SELLER RELATIONSHIP

A conspiracy requires more than just a buyer-seller relationship between the defendant and another person. In addition, a buyer and seller of methamphetamine do not enter into a conspiracy to distribute methamphetamine (or to possess methamphetamine with intent to distribute it) simply because the buyer resells the methamphetamine, even if the seller knows that the buyer intends to resell the methamphetamine (or possesses with that intent). The government must prove that the buyer and the seller had the joint criminal objective of distributing methamphetamine to others (or possessing methamphetamine with intent to distribute).

No single factor necessarily indicates whether the defendant was or was not a member of a conspiracy. In considering whether the defendant was involved in a buyer-seller relationship or in a conspiracy, you should consider all of the evidence, including:

Whether there was a consignment relationship;

Whether there were multiple, large-quantity purchases of methamphetamine on credit;

Whether there was an agreement to look for other customers;

Whether there was a payment of commission on sales;

Whether one party advised the other on the conduct of his business;

Whether there was an agreement to warn of future threats to each other's business stemming from competitors or from law enforcement.

## OBJECTS OF THE CONSPIRACY

Count 1 charges that this was a conspiracy with two objectives, to distribute methamphetamine and to possess methamphetamine with intent to distribute it. To meet its burden of persuasion on the first element of Count 1, the government does not need to prove both of these objectives, but it must prove at least one of them. To find that the government has proved an objective of the charged conspiracy, you must unanimously agree on at least one objective. It is not sufficient for some of you to find that government has proved a conspiracy to distribute methamphetamine and the rest of you to find that it has proved a conspiracy to possess methamphetamine with intent to distribute it.

## SPECIAL VERDICT QUESTION ON DRUG AMOUNT

Count 1 includes an allegation as to how much methamphetamine was involved in the conspiracy. If you find the defendant guilty of Count 1, then you must determine the amount of methamphetamine involved in the conspiracy. There is a special verdict question on this issue on the verdict form. You are to answer this question only if you find the defendant guilty of Count 1.

The special verdict question asks whether the conspiracy involved 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine. If you find that the government has proved beyond a reasonable doubt that Count 1 involved 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, then you should answer the special verdict question "Yes."

However, if you find that the government has not proved beyond a reasonable doubt that Count 1 involved 50 grams or more of a mixture or substance containing a detectible amount of methamphetamine, then you must answer the special verdict question "No."

Entered this 9th day of April, 2018.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge